UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:24-CR-369 (MAD) |
| | ) | Honorable Mae A. D'Agostino |
| THOMAS BERRINGTON | ) | U.S. District Court Judge |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR A DOWNWARD DEPARTURE/REDUCED NON-GUIDELINE SENTENCE**

**Introduction**

Thomas Berrington stands before this Court for sentencing after his plea of guilty to a two-count information charging Mr. Berrington with Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251 (a) in each count. Mr. Berrington was arrested in Colonie, New York on March 9, 2024. He was initially charged in state court and has been detained on federal charges since March 19, 2024. Mr. Berrington waived indictment and entered a plea of guilty to each count of the two-count information on September 25, 2024.

Mr. Berrington is a thirty-three-year-old man with a traumatic history. Mr. Berrington understands that the seriousness of his conduct dictates a severe sentence, and he appreciates the very real possibility that he could face decades in prison for his crimes. The application of the Sentencing Guidelines here, however, would yield a sentence that fails to meet the statutory sentencing factors contained within Title 18 U.S.C. § 3553 (a) and necessitates a downward departure or non-guideline sentence here. A sufficient but not greater than necessary sentence, in

1

compliance with the § 3553 (a) factors here would be 292 months plus a period of post-release supervision. That sentence would recognize both the extreme seriousness of the offense and provide appropriate punishment, community protection, and rehabilitative opportunities without being excessively harsh.

## The Factors to Be Considered in Imposing Sentence

Congress has set forth specific factors the Court should consider before imposing a sentence. Title 18 U.S.C. § 3553 (a) directs the court to impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:

>  (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>  (B)    to afford adequate deterrence to criminal conduct;
>
>  (C)    to protect the public from for the crimes of the defendant; and
>
>  (D)    to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most efficient manner.

*See*, 18 U.S.C. § 3553 (a) (2).

In fashioning such a "sufficient, but not greater than necessary sentence", the Court must consider the nature and circumstances of the offense; the history and characteristics of the offender; the kinds of sentences available; and the sentencing range established by the guidelines. *See*, 18 U.S.C. § 3553 (a) (1), (3), (4).

## The Nature and Circumstances of the Offense

Mr. Berrington engaged in sexually explicit conduct with a minor victim in which he

created seven digital photographs and two videos. Mr. Berrington did not distribute those images and videos but did possess them on his cellular phone.

## **The History and Characteristics of the Offender**

Thomas Berrington is a 33-year-old husband and father who has led an extraordinarily difficult life. His mother was not stable, and Mr. Berrington has never met his biological father in person. Mr. Berrington did not know who his father was until age thirty in fact. Mr. Berrington was adopted by his mother's second husband (her first husband was also not Tom's dad) and Tom did not learn about his family lineage until adulthood. The environment he grew up in was horrific.

As is all too common in cases of sexual abuse, Mr. Berrington himself was a victim of childhood sexual abuse at the hands of his mother and adoptive father. As detailed in the PSR at pages 17 and 18 [ECF Doc No. 29], beginning at age ten, Tom's mother perpetrated abusive incestuous sexual contact on Tom. She abused both Tom and his sister, creating a disastrous environment that normalized abuse and exploitation and provided none of the support and care that a child needs to grow and develop into a successful person.

The cycle of abuse wherein a victim tragically becomes a perpetrator is well documented [see Report of Dr. Elizabeth Walker attached here as Exhibit "A"]. Tom's own victimization as a child is not an excuse for his behavior here and he knows that. He takes full responsibility for his actions and understands he must serve a lengthy prison sentence now. The abuse he suffered should be considered though, as an explanation as to why he ultimately did what he did. Contemplating the cycle of

3

trauma is necessary in determining an appropriate sentence under 18 U.S.C. § 3553(a). Considering the significant opportunities for treatment available to Mr. Berrington through Bureau of Prisons during, what, even at the minimum, would be a significant prison sentence, is key to determining an appropriate sentence here. Should for example, the Court order Tom to complete significant sex offender treatment programs during his incarceration, Tom could be significantly rehabilitated, thus making the proposed guideline sentence of 720 months wholly unreasonable. The reality is there is absolutely no need for such an extraordinarily long sentence. A much lower sentence is sufficient to ensure Mr. Berrington, could return to the community safely and successfully.

Tom's life has been massively affected by his own trauma and abuse, but it has not been the only force in his life. Despite his horrific upbringing, Tom had been, until the time of his offense, a seemingly successful individual, with a modest contracting business, a loving wife and his two children. Tom's wife, Sarah Berrington and eight other family members and friends have written on behalf of Tom and emphasized that while he must pay his debt to society and to V-1, his crimes are not exclusively who he is [*see* ECF Doc. No. 31]. Mr. Berrington would respectfully request the Court keep those facts in mind in determining what the sufficient and not greater than necessary sentence is here.

## The Guideline Calculation

*Offense Level*

Mr. Berrington's base offense level on each count is 32 per U.S.S.G. § 2G2.1(a).

4

After scoring enhancements and adjusting for multiple counts and the § 4B1.1(b) enhancement, probation's estimated total offense level for Mr. Berrington is 51 [ECF Doc. No. 29 at pages 13-14]. With credit for acceptance of responsibility pursuant to § 3E1.1(a) and (b) Mr. Berrington's total offense level is reduced to 48. The Sentencing Guidelines direct that in the rare occasions where a total offense level exceeds 43, it is to be treated as a level 43. [USSG Chapter 5, Part A Comment N.2]. Thus, Mr. Berrington's total offense level is 43.

The defense acknowledges that the analytical application of the guidelines requires chapter by chapter calculation resulting in a total offense level of 43 for Tom. However, the Court should consider the fact that this approach essentially eliminates any acceptance of responsibility credit for Mr. Berrington. A defendant could in theory conclude that because the Sentencing Guidelines provide no benefit for acceptance of responsibility in this rare situation, there is simply no reason to accept responsibility and always require a trial. Despite the fact that the guidelines provide no affirmative benefit for acceptance of responsibility, Mr. Berrington took responsibility for his actions and pleaded guilty. His action saved his victim from having to participate in what would assuredly be difficult trial process and he should receive some credit in determining the sufficient and not greater than necessary sentence is based on his acceptance of responsibility.

*Criminal History Score*

The defendant has no prior criminal convictions or arrests. His presumptive criminal history category is therefore Category I.

*The Guideline Sentence*

Based on a criminal history category of I, and an offense level of 43, the presumptive guideline range is life in prison. There is a mandatory minimum sentence here of 15 years on each count. There is a maximum sentence on each count of thirty years on each count. The potential maximum sentence is therefore 60 years or 720 months. Because the guideline of life exceeds the maximum sentence the guideline becomes the maximum sentence of 720 months.

*The Court should vary from the Sentencing Guidelines because the guideline here fails to consider the §3553 (a) factors.*

Regardless of the result of a correct sentencing guidelines computation here—which undoubtedly will recommend an astoundingly severe sentence—the Court should grant a variance "because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations… [and] because the case warrants a different sentence regardless." *See, United States v. Rita*, 551 U.S. 338, 351 (2007).

The Supreme Court in *Kimbrough* stated that a sentencing court is empowered to impose a non-guidelines sentence in a particular case "based solely on policy considerations, including disagreements with the [Sentencing] Guidelines." *United States v. Kimbrough*, 552 U.S. 85, 101-102, 128 S.Ct. 558, 570 (2007). The Second Circuit has clarified that "a district court may vary from the Guidelines range based solely on a policy disagreement with the Guidelines, even where that disagreement applies to a wide class of offenders or offenses." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir.2008).

In *Spears*, the Supreme Court clarified *Kimbrough's* holding that where, as here, a guideline "do[es] not exemplify the Commission's exercise of its characteristic institutional role" (i.e. the enactment of a severe guideline offense level or enhancement without empirical justification), the Court may categorically reject a guideline even in a "mine-run" case. *Spears v. United States*, 555 U.S. 261, 264, 129 S. Ct. 840, 843 (2009). Here, insofar as U.S.S.G. §2G2.1 reflects the Commission's departure from its empirical approach in arriving at guidelines in general, the Court has the authority to conclude that a guideline sentence yields a "greater than necessary" sentence without the presence of factors taking a case out of the heartland. *Id*. at 842-844.

The Second Circuit in *Dorvee* addressed the application of a similar guideline, U.S.S.G. §2G2.2, applicable to cases involving the distribution, receipt and possession of child pornography. That guideline, like §2G2.1, evolved to its current form notwithstanding the Sentencing Commission's failure to use an empirical approach in formulating the guidelines, resulting in a guideline which recommends in the vast majority of cases guidelines sentences near, at, or even over the statutory maximum. In *Dorvee*, the Second Circuit made the observation, which is equally applicable to U.S.S.G. §2G2.1, that

> By concentrating all offenders at or near the statutory maximum, [the guideline] eviscerates the fundamental statutory requirement in § 3553(a) that district courts consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and violates the principle, reinforced in Gall, that courts must guard against unwarranted similarities among sentences for defendants who have been found guilty of dissimilar conduct.

*United States v. Dorvee*, 616 F.3d 174, 187 (2d Cir. 2010), *reh'g en banc denied*.

Although the application of §2G2.1 has been less widely controversial than §2G2.2, Court's have identified the same problem with its application as they have with §2G2.2, including the fact that the guideline does not clearly distinguish between the least and worst offenders. *See, United States v. Price*, 2012 WL 966971, *12 (C.D. Ill. 2012) ("… §2G2.1 similarly applies enhancements present in nearly every production case… [which] skew offense levels upward such that the Guideline does not appropriately distinguish between the least culpable and most culpable offenders."). *See also, United States v. Jacob*, 631 F. Supp. 2d 1099, 1115 (N.D. Iowa 2009).

Mr. Berrington's case is a clear example in which the guidelines would recommend an astoundingly severe sentence. Given his age of 33, the guideline sentence of 60 years is effectively a life sentence. But such a sentence is beyond unnecessarily harsh. Such a harsh sentence would leave no room for Courts to differentiate between Mr. Berrington and even more serious offenders. Without suggesting in any way that Mr. Berrington's conduct is not extremely serious, his case involves only one victim, two videos and seven images. The guidelines ramp up so rapidly in §2G2.1 that there is essentially no effective difference in suggested penalty for a defendant in Mr. Berrington's position and one with twenty victims and more than 600 images. There is effectively no difference between a defendant in Mr. Berrington's position and even one who kills his victim. The lack of effective and meaningful sentencing ranges in this type of action necessitates the Court's exercising its discretion pursuant to *U.S. v. Rita* and its progeny and providing a sentence

grounded in the 18 U.S.C. 3553 (a) factors and not purely on the unduly harsh guideline.

## **Sufficient but Not Greater than Necessary Sentence**

Make no mistake, Mr. Berrington absolutely understands how serious his conduct was and takes responsibility for the harm he has caused to his victim and family. The defense acknowledges this crime is one that warrants a lengthy prison sentence. But the guideline sentence is so much higher than is necessary here it does not comport with the § 3553 (a) factors. A departure downward to a sentence of 292 months plus post release supervision is sufficient and not greater than necessary. It provides the defendant with sufficient prison time as a penalty and for rehabilitation purposes and protects the community. This sentence would also provide meaningful recognition of the defendant's acceptance of responsibility in that it is a reduction in sentence akin to the time an acceptance of responsibility credit in § 3E1.1 would provide in more common guideline situations. This sentence meets the statutory sentencing factors whereas the Guideline Sentence is much too harsh.

Between 2019 and 2023 824 defendants were sentenced pursuant to § 2G2.1 of the guidelines, who were criminal history category I and had a total offense level of 43. The average sentence those defendants received was 348 months. The median sentence was 360 months. This data excludes defendants who received a § 5K1.1 departure [PSR ECF Doc. No. 29 at p. 25]. That data is important for multiple reasons – statistically the fact that the average and median sentences do not vary significantly shows us that there are a modest number of outlier sentences at ends of

the spectrum, and that on average the sentences are below 360 months. If the Court sentences Mr. Berrington to the guideline sentence of 720 months, it would be an extreme outlier compared to the typical sentences of other defendants in exactly Mr. Berrington's guideline position. As made clear by the sentencing statistics, Courts around the country have identified the harsh ramping of guideline sentencing within § 2G2.1 and most often determine that a sentence below the guideline calculation is appropriate. In fact, per United States Sentencing Commission Judiciary Sentencing Information, reports between 2019 and 2023, seventy-three percent of the defendants who fell into the same sentencing guideline cell as Mr. Berrington received downward departures or variances from the guideline sentence [*see* USSC JSIN chart, Attached here as Exhibit "B"]. In sum, Courts around the country depart or vary from the guidelines in three out of four cases involving § 2G2.1, an offense level of 43 and a criminal history category of I.

Mr. Berrington recognizes the egregious nature of his conduct. Simultaneously, it would be unfair to characterize his crime as one that is more egregious than three out of four average defendants in his position. The average defendant in this position receives a downward departure. Here Mr. Berrington should receive a similar departure.

## Conclusion

Mr. Berrington makes no excuses for his behavior and has accepted responsibility for his conduct. He has no prior criminal history. He understands he will do many years in prison as a result of his plea of guilty. He understands he caused

tremendous harm to his victim – a harm he personally knows all too well. In considering the appropriate sentence here the defense would request the Court give credence to Mr. Berrington's own childhood of abuse, as well as credit the positive contributions to our community he made prior to his arrest, and consider seriously his acceptance of responsibility. Based on these arguments I would respectfully request the Court sentence Mr. Berrington to 292 months plus a period of post release supervision to be determined by the Court.

Dated: January 8, 2025

                                                LISA PEEBLES
                                                Federal Public Defender

By: _____
      Eric K. Schillinger
      *Attorney for Thomas Berrington*
      Assistant Federal Public Defender
      Bar No.: 516083
      54 State Street, Suite 310
      Albany, New York 12207
      (518) 436-1850
      eric_schillinger@fd.org

## CERTIFICATE OF SERVICE

On the above date the sentence memorandum was filed with the court, and delivered via ECF to the following parties: AUSA Adrian LaRochelle, Esq.

Dated: January 8, 2025

_____
Eric K. Schillinger
*Attorney for Thomas Berrington*
Assistant Federal Public Defender
Bar No.: 516083
54 State Street, Suite 310
Albany, New York 12207
(518) 436-1850
eric_schillinger@fd.org