IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:24-CR-369 (MAD) |
| | ) | |
| v. | ) | |
| | ) | |
| **THOMAS BERRINGTON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## I.   Introduction

On September 25, 2024, the defendant pled guilty without a plea agreement to Counts 1 and 2 of a two-count information charging him in each count with sexual exploitation of a child, in violation of Title 18, United States Code, Sections 2251(a) and (e). The defendant's criminal conduct involved his repeated sexual abuse of V-1, a minor female child born in 2015, and his creation of images and videos of that abuse with his cellular telephone. Although the government believes that a guideline sentence would be reasonable and recommends that sentence, if this Court chooses to vary downward the government respectfully requests a sentence of not less than 40 years' imprisonment to be followed by lifetime supervision.

## II.   Statutory and Guidelines Provisions

### A.   Statutory Provisions

The mandatory minimum term of imprisonment is 15 years per count and the maximum term of imprisonment is 30 years per count. *See* PSR ¶ 81. The Court must impose a term of supervised release of between five years and life. *See* PSR ¶ 86. The maximum fine is $250,000 per count and there are special assessments of $100 per count, $5,000 (if the Court finds that the defendant is not indigent), and up to $50,000. *See* PSR ¶¶ 90, 91. The defendant also should be

ordered to forfeit to the United States his right, title, and interest in the assets subject to forfeiture under 18 U.S.C. § 2253; to wit, a black Samsung cellular telephone, IMEI 353608610723838.[1]

### B. Guidelines Provisions

#### 1. Offense Level

The government agrees with the PSR's calculation of the defendant's offense level:

| Base Offense Level/Guidelines Adjustment | Level |
|---|---|
| 2G2.1 – base offense level | 32 |
| 2G2.1(b)(1)(A) – minor under 12 | +4 |
| 2G2.1(b)(2)(A) – sexual contact | +2 |
| 2G2.1(b)(4)(A) – sadistic and masochistic | +4 |
| 2G2.1(b)(5) – care, custody, or supervisory control | +2 |
| *Adjusted Offense Level* | 44 |
| 3D1.4(a) multi-count adjustment – 2 units | +2 |
| *Combined Adjusted Offense Level* | 46 |
| 4B1.5(b) – repeat and dangerous offender against minor | +5 |
| *Offense Level with Chapter 4 Enhancement* | 51 |
| 3E1.1(a)-(b) – acceptance of responsibility | -3 |
| **Total Offense Level** | **43**[2] |

#### 2. Criminal History Category

The defendant's criminal history results in a criminal history category of I. *See* PSR ¶ 57.

#### 3. Guidelines Imprisonment Range

The imprisonment range applicable to an offense level 43 with a criminal history category of I is life. Because the combined statutory maximum imprisonment term is 720 months, that term becomes the guidelines imprisonment term. *See* U.S.S.G. § 5G1.1(a); PSR ¶ 82.

---

[1] The government is not aware of any restitution requests as of the filing of this memorandum.

[2] Where a defendant's Total Offense Level is higher than 43 it is treated as 43. *See* Chapter 5, Part A (cmt. n.2). *See* PSR ¶ 51.

### III. Sentencing Recommendation[3]

A guidelines sentence would be reasonable considering the severity of the defendant's conduct and the risk he poses to children. If this Court chooses to vary downward, the government respectfully asks for a sentence of not less than 40 years' imprisonment to be followed by lifetime supervision. A sentence of at least that length is appropriate to reflect the seriousness of the offense, provide just punishment and adequate deterrence, and accounts for the defendant's history and characteristics. *See* 18 U.S.C. § 3553(a). A 40-year sentence represents 20 years for each substantive act of sexual abuse the defendant directed against a minor child in his care, custody, and control.

As outlined in the PSR, the defendant engaged in the repeated direct and forceful hands-on sexual abuse of V-1. *See* PSR ¶ 3(c). Beyond abusing V-1, the defendant photographed and video recorded his acts of abuse with his cellular telephone where his wife ultimately, and unexpectedly, discovered the material shortly before calling 911, resulting in the defendant's arrest in connection with this case. *See* PSR ¶ 5. In addition to the horrible circumstances under which the defendant's abuse of V-1 was discovered, there is no indication that the defendant would have ceased abusing V-1 had it not been for his wife's discovery and law enforcement's intervention.

Beyond a fulsome recitation of the defendant's heinous criminal conduct, the PSR also includes information regarding the defendant's own history of sexual abuse when he was a child.

---

[3] The government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. See Fed. R. Crim. P. 32(i)(1)(c), 32(h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, except for the confidential sentencing recommendation submitted by the United States Probation Office.

It is undeniable that such abuse is tragic and has dramatic and long-lasting effects on victims. As a survivor of child sexual abuse, however, the defendant knows better than most the horrific impact such abuse has on the children victimized. Yet, the defendant did not endeavor to break the cycle and protect children from the type of abuse he suffered, but rather chose to repeatedly inflict that same type of abuse on a child for his own sexual gratification and with complete disregard for the health, safety, and future well-being of his victim. But the defendant didn't stop there, he also made images and videos of his abuse of the victim and preserved them on his cell phone for later viewing. This demonstrates that defendant did not only engage in the abuse of V-1 but did so with the intent to create and preserve recordings of that abuse for his own enjoyment.

In his sentencing submissions, the defendant argues, citing *United States v. Rita*, 551 U.S. 338, 351 (2007), that the sentencing guidelines applicable to him, although correctly calculated in the PSR, "fail[] to properly reflect § 3553(a) considerations." Dkt. No. 32, Def. Sentencing Mem., at 6. The defendant goes on to argue under several different theories that the guidelines applicable to his crimes result in a recommended sentence higher than necessary under the circumstances of this case. The defendant's arguments in this regard are without merit for several procedural and substantive reasons.

First, the applicable sentencing guidelines, which are no longer mandatory, and the sentencing factors outlined in 18 U.S.C § 3553(a) will both be considered by the Court in crafting the appropriate sentence in this case. Thus, the sentencing guidelines applicable to the defendant's offense conduct do not impermissibly preclude the Court's consideration of the § 3553(a) factors.

The defendant also argues that the Second Circuit's holding in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), which addressed and criticized the application of U.S.S.G. § 2G2.2, is equally applicable here, despite the defendant being subject to an entirely different guideline,

4

U.S.S.G § 2G2.1. *See* Dkt. No. 32, at 7. This is simply incorrect. In *Dorvee*, the Second Circuit was addressing, in part, the substantive reasonableness of a sentence imposed under U.S.S.G. § 2G2.2, based on the defendant's possession and trafficking of child pornography. Further, in addressing the reasonableness of the sentence imposed, the Court noted that the defendant in *Dorvee* did not have "any actual contact with children (undercover or real) under 14, and admitted only to taking non-explicit photographs of children's feet." *Dorvee*, 616 F.3d at 184. In addition to the fact that the Court in *Dorvee* was not addressing the applicability of U.S.S.G. § 2G2.1, the underlying facts here are clearly distinguishable and substantially more egregious. Here, the defendant recorded his repeated hands-on sexual abuse of V-1, a minor born in 2015, who was in the defendant's care, custody, and control. The defendant's abuse of V-1 included oral, vaginal, and anal penetration of the child.

The defendant also argues that the total offense level in the PSR does not reflect the credit he receives under the guidelines for acceptance of responsibility. *See* Dkt. No. 32, at 4. What the defendant fails to fully acknowledge in making this argument is that the resulting total offense level of 43, is a dramatic reduction of his actual offense level of 51 as calculated under U.S.S.G. §§ 2G2.1 and 4B1.5. The offense level of 51, before a 3-point reduction for acceptance of responsibility, is due to the gravity of the defendant's offense conduct and the guidelines enhancements applied as a result. For example, the defendant received a 4-point increase to his offense level under U.S.S.G. § 2G2.1(b)(1)(A) because his offense involved a child under 12 years of age. *See* PSR ¶ 28. The defendant received a 2-point increase to his offense level under U.S.S.G. § 2G2.1(b)(2)(A) because his conduct involved "sexual acts" with that child. *See* PSR ¶ 29. The defendant received a 4-point increase to his offense level under U.S.S.G. § 2G2.1(b)(4)(A) because the recordings of his sexual abuse of V-1 included sadistic or masochistic conduct or other

5

depictions of violence. *See* PSR ¶ 30. The defendant received a 2-point increase to his offense level under U.S.S.G. § 2G2.1(b)(5) because the child he abused was in his care, custody, and control. *See* PSR ¶ 31. The defendant also received a 5-point increase to his offense level under U.S.S.G. § 4B1.5(b)(1) because he engaged in a pattern of activity involving prohibited sexual conduct, *i.e.* his repeated sexual abuse of V-1. *See* PSR ¶ 48. The defendant's acceptance of responsibility should be considered by the Court in crafting the appropriate sentence in this case, but the egregiousness of the defendant's conduct and the nature of the enhancements contributing to his total offense level and the conduct justifying application of those enhancements should as well.

      The defendant is a dangerous sexual predator who engaged in the direct and repeated sexual abuse of the victim. That abuse would have continued had his conduct not been unexpectedly discovered by his own wife. The defendant has yet to express any meaningful remorse for his heinous actions or the impact they have had and will continue to have on his victim for the foreseeable future. For these reasons, the government respectfully requests a guidelines sentence.

Dated: January 9, 2025                                        CARLA B. FREEDMAN
                                                            United States Attorney

                                        By: *Adrian S. LaRochelle*
                                              Adrian LaRochelle
                                              Assistant United States Attorney
                                              Bar Roll No. 701266